DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 2019-0001** |
| ) | |
| **JAMES PHILLIP, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Everard E. Potter, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Kia Danielle Sears, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant James Phillip's "Motion to Order Redaction of Mr. Phillip's Statement" ("Motion *in Limine*"[1]) (Dkt. No. 281), and the Government's Response (Dkt. No. 282). For the reasons discussed below, the Court will grant Defendant's Motion *in Limine*.

### I.   BACKGROUND

The Government has charged Defendant James Phillip with two counts, based on allegations that he unlawfully engaged in commercial sexual intercourse with a seventeen-year-old girl on two occasions in 2017. (Dkt. No. 117). In 2018, Defendant gave a mirandized, video-recorded statement to federal agents in which he stated, in relevant part, that he had a 20-year-old

---

[1] The Court notes that, however styled, Defendant's Motion is a motion *in limine*, the deadline for submission of which elapsed before Defendant filed his Motion. (Dkt. No. 262). However, based on the Court's colloquy with the parties at the pre-trial conference held on November 2, 2022, the Court recognizes that Defendant's Motion is untimely because the parties were seeking to resolve this matter without the Court's intervention and reached an impasse shortly before the Motion was filed. The Court will therefore resolve Defendant's Motion on its merits.

fiancé whom he had known for three years.[2] Defendant's Motion *in Limine* seeks to exclude this statement under Rule 403 and Rule 404(b) of the Federal Rules of Evidence.

## II.     DISCUSSION

Rule 403 provides for the exclusion of relevant evidence where its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, or certain other risks. Fed. R. Evid. 403. Rule 404(b) provides that evidence that a person committed "any other crime, wrong or act" is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(1), notwithstanding that such evidence "may be admissible for another [permitted] purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2). Rule 404(b) also provides, with an exception not relevant here, that where the government seeks to introduce evidence of the defendant's prior conduct in a criminal case, the government must provide the defendant with reasonable written notice before trial, "articulat[ing] in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3). Evidence of prior conduct is covered by Rule 404(b) only if it is "extrinsic"—as opposed to "intrinsic"—to the charged offense. *United States v. Green*, 617 F.3d 233, 244, 249 (3d Cir. 2010). It is classified as intrinsic evidence where it concerns conduct that "directly proves the charged offense" or was "performed contemporaneously with the charged crime" to "facilitate [its] commission." *Id.*

---

[2] The parties have not provided the Court with the video footage. For purposes of this Memorandum Opinion and Order, the Court accepts as true the facts set forth in Defendant's Motion, which the Government does not contest.

Defendant argues that his statement—as to the age of his fiancé and how long he had known her—is inadmissible on two grounds, namely: **(1)** that the Government has not articulated or noticed any permitted purpose for which the statement would be offered—which means that its "only relevance . . . would be for the improper purpose of making a propensity argument" of the type squarely prohibited by Rule 404(b); and **(2)** that the statement is "highly prejudicial," so as to render it inadmissible under Rule 403. (Dkt. No. 281 at 1-2). The Government responds that it sees "no legal justification" to exclude the statement because the statement **(1)** "does not involve" Rule 404(b); and **(2)** is not "factually misleading or unduly prejudicial." (Dkt. No. 282 at 2). According to the Government, it is "merely the defendant's statement regarding [his] current relationship [with his fiancé] that he voluntarily revealed to agents." *Id.* The Government offers no further elaboration.[3]

The Government's contention that the statement at issue does not implicate Rule 404(b) is without merit. The prior conduct at issue—Defendant's relationship with his fiancé—does not directly prove the charged offenses, nor was it performed contemporaneously with, or in facilitation of, the offenses with which Defendant has been charged. *Green*, 617 F.3d at 249. It therefore constitutes extrinsic evidence subject to the Rule. *Id.* Further, while the prior conduct at issue may not be the type of evidence typically excluded under Rule 404(b) insofar as it may not necessarily constitute prior *bad* acts, "the Rule itself is in no sense limited to such acts," but rather applies with equal force to innocent prior conduct. *United States v. Scott*, 677 F.3d 72, 78

---

[3] The Court notes that the Government offers virtually no support for its position notwithstanding that the Court's November 2, 2022 Order specifically directed the parties to set forth the "factual and legal bases" for their respective positions if the parties were unable to resolve this issue on their own (Dkt. No. 280 at 1)—instructions which the Court also emphasized at the pre-trial conference.

(2d Cir. 2012) (noting that every circuit to have considered the issue has so concluded, and collecting cases).

It is clear that Rule 404(b) precludes the admission of the statement at issue. The Rule is "generally a rule of exclusion . . . [i]t directs that evidence of prior bad acts be excluded—*unless* the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (quotation omitted). The Government has failed to demonstrate such a non-propensity purpose here. To the contrary, the Government does not even suggest a permissible purpose for which it intends to offer the statement. Accordingly, the Court agrees with Defendant that Rule 404(b) prohibits the Government from introducing Defendant's statement.

The Court also finds that Rule 403 precludes the Government from introducing Defendant's statement. Assuming, as a preliminary matter, that there is some relevance to the statement—which the Government has not explained—it presumably pertains to the age of Defendant's fiancé at the time that he became acquainted with her.[4] However, the fact that Defendant had known his fiancé for three years and that she was twenty years old at the time of the interview does not mean that, having known her, he had an improper romantic relationship with her while she was underage. Consequently, in addition to the statement being unduly prejudicial for the very reasons that motivate Rule 404(b), the probative value of Defendant's statement is substantially outweighed by the risk of unfair prejudice and misleading the jury. Accordingly, the Court finds that Rule 403 also prohibits the Government from introducing Defendant's statement and will exclude it.

---

[4] The Government's contention that the statement is "merely the defendant's statement regarding [his] current relationship" with his fiancé (Dkt. No. 282 at 2) is devoid of any information that establishes the statement's relevance.

For the foregoing reasons, Defendant's Motion will be granted and the challenged statement excluded.

***

**UPON CONSIDERATION** of Defendant's Motion *in Limine* (Dkt. No. 281), the Government's Response (Dkt. No. 282), and the entire record, and for the reasons set forth above, it is hereby

**ORDERED** that Defendant's Motion *in Limine* (Dkt. No. 281) is **GRANTED**; and it is further

**ORDERED** that the Government is precluded from introducing Defendant's statement as to the age of Defendant's fiancé and the period that Defendant had known her; and it is further

**ORDERED** that the Government shall make the redactions to the video footage necessary to effectuate this Order.

**SO ORDERED**.

Date: April 18, 2023

_____/s/_____
WILMA A. LEWIS
District Judge