DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal No. 2019-0001 |
| | ) | |
| **JAMES PHILLIP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**Attorneys:**
**Everard E. Potter, Esq.,**
**Evan Rikhye, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Kia Danielle Sears, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant James Phillip's "Motion to Dismiss Counts Three and Four of the Superseding Indictment" (Dkt. No. 295), and the Government's Response (Dkt. No. 298). For the reasons discussed below, the Court will deny Defendant's Motion to Dismiss.

### I.  BACKGROUND

The Government has charged Defendant James Phillip with two counts based on interactions he allegedly had with a minor female in 2017. As set forth in the Superseding Indictment, the two counts are:

**Count Three**
Sex Trafficking of a Minor
18 U.S.C. §§ 1591(a) and (2)

 Between in or around May 2017, to in or around July 2017, at St. Croix, in the District of the Virgin Islands, the defendants, ZAYVON ACOY and JAMES PHILLIP, in and affecting interstate commerce and within the special maritime and territorial jurisdiction of the United States, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted financially and received anything of value from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, a person under the age of 18 years, to wit: a female minor, age 17, knowing the minor would be caused to engage in a commercial sex act, having had a reasonable opportunity to observe the minor and knowing and in reckless disregard of the fact that the minor had not attained the age of 18 years.
 In violation of Title 18, United States Code, Sections 159l(a) and 2.

**Count Four**
Transportation with Intent to Engage in Criminal Sexual Activity
18 U.S.C. § 2423(a)

 Between in or around May 2017, to in or around July 2017, at St. Croix, in the District of the Virgin Islands, the defendants, ZAYVON ACOY and JAMES PHILLIP, knowingly transported and caused to be transported, a female minor (age 17) who had not attained the age of eighteen years, within a territory and possession of the United States, with the intent that the individual engage in prostitution and sexual activity for which any person could be charged with a criminal offense, and attempted to do so.
 In violation of Title 18, United States Code, Sections 2423(a), (e), and 2.

(Dkt. No. 117 at 2-3).

Defendant argues that both counts must be dismissed. Specifically, Defendant argues: **(1)** that Count Three is a "single count charging two distinct offenses," which is "impermissibly duplicitous" (Dkt. No. 295 at 3); and **(2)** that Count Four is facially insufficient and fails to state an offense because it "fails to charge an essential element of the crime." *Id.* at 7. The Government argues that Count Three is not duplicitous and that Count Four is facially sufficient.

2

(Dkt. No. 298 at 5-8). The Government also argues that Defendant's Motion is "egregiously" untimely.[1] *Id.* at 1-5. For the reasons that follow, the Court will deny Defendant's Motion.

## II. DISCUSSION

### A. Count Three: Sex Trafficking of a Minor

Defendant argues that Count Three of the Superseding Indictment, charging Defendant with Sex Trafficking of a Minor, violates the prohibition against duplicitous pleading. (Dkt. No. 295 at 3-6). "Duplicity is the joining in a single count of two or more distinct and separate

---

[1] Defendant filed the instant Motion to Dismiss on Saturday, April 22, 2023, two days before trial commenced on Monday, April 24, 2023. (Dkt. No. 295). Defendant's Motion is untimely and, as such, Defendant's arguments are waived absent a showing of good cause. Fed. R. Crim. P. 12(c)(1); *United States v. Rose*, 538 F.3d 175, 182 (3d Cir. 2008). Defendant has not offered any good cause, and multiple considerations make the untimeliness of Defendant's Motion particularly inexcusable. First, the arguments raised in Defendant's Motion rely exclusively on the text of the Superseding Indictment, which the Grand Jury returned over two-and-a-half years ago, on October 13, 2020. (Dkt. No. 117). Second, the deadline for dispositive motions elapsed nearly two-and-a-half years ago, on November 23, 2020, and at no time in this case has Defendant requested an extension of that deadline. (Dkt. No. 127). Third, Defendant previously filed a Motion to Dismiss on July 6, 2021, in which he did not raise the argument he raises in the instant Motion. (Dkt. No. 168). The Court has already addressed that Motion. (Dkt. No. 196). Fourth, Defendant has also missed multiple other pre-trial deadlines set forth in the Court's Trial Management Order (Dkt. No. 262), including twice missing the deadline to submit his proposed jury instructions and verdict form (*see* Dkt. Nos. 269, 275). Defendant's first Motion to Dismiss was itself also untimely. (Dkt. Nos. 127, 168). Fifth, before the trial in this matter was continued to April 24, 2023, it was scheduled for November 7, 2022. (Dkt. No. 261). A pretrial conference was held on November 2, 2022, at which time it was decided that trial would be continued to April 24, 2023. (Dkt. No. 262). At that conference, Defendant did not raise the issues underlying the instant Motion to Dismiss or indicate that he intended to file an additional Motion to Dismiss. Further, at that conference, the Court scheduled a second pretrial conference for April 19, 2023 to address any issues that arose in the interim. (Dkt. No. 280). The second pretrial conference was held as scheduled in preparation for the trial on April 24, 2023. (Dkt. No. 292). Again, Defendant did not raise the issues underlying the instant Motion to Dismiss or indicate that he intended to file an additional Motion to Dismiss. Ultimately, it was not until two days before trial commenced, on Saturday, April 22, 2023, that Defendant filed the instant Motion to Dismiss. (Dkt. No. 295). Notwithstanding the egregious nature of Defendant's untimeliness, the Court will address Defendant's Motion on the merits.

offenses." *United States v. Starks*, 515 F.2d 112, 116 (3d Cir.1975). As the Third Circuit has explained, duplicitous counts raise serious concerns: they "may conceal the specific charges, prevent the jury from deciding guilt or innocence with respect to a particular offense, exploit the risk of prejudicial evidentiary rulings, or endanger fair sentencing." *United States v. Haddy,* 134 F.3d 542, 548 (3d Cir.1998). As such, "[a]n impermissibly duplicitous indictment is subject to dismissal." *United States v. Rigas*, 605 F.3d 194, 210 (3d Cir. 2010).

In assessing whether a count is duplicitous, a court's task "is not to review the evidence . . . to determine whether it would support charging several crimes rather than just one, but rather to solely assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Sourlis,* 953 F.Supp. 568, 572 (D.N.J. 1996) (citing *United States v. Mastelotto,* 717 F.2d 1238, 1244 (9th Cir.1983)). An indictment is not duplicitous where it does not charge different offenses in the same count, but instead charges alternative methods of completing the same offense in the same count. *See* Fed.R.Crim.P. 7(c)(1) ("It may be alleged in a single count that the means by which the defendant committed the offense are unknown or the defendant committed it by one or more specified means."). In determining whether a statutory provision sets forth multiple offenses or alternative means of committing a single offense, courts ask "whether Congress intended to create one offense or two." *Rigas*, 605 F.3d at 211.

Count Three of the Superseding Indictment charges Defendant with a violation of Section 1591(a) of Title 18 of the United States Code.[2] (Dkt. No. 117 at 2). That section provides that:

> (a) Whoever knowingly—
> > (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States,

---

[2] Count Three also charges Defendant with a violation of Section 2 of Title 18 of the United States Code, which is not relevant for purposes of Defendant's Motion to Dismiss.

4

>> recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a) ("Section 1591").

Defendant argues that Section 1591(a) "unravels into at least two distinct offenses" in subparagraphs (a)(1) and (a)(2), such that the Government's "single count charging two distinct offenses is impermissibly duplicitous." (Dkt. No. 295 at 3). According to Defendant, one offense is "sex trafficking" under subparagraph (a)(1), which Defendant describes as "occur[ring] when a person recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person, and does so with the requisite *mens rea*." *Id.* at 5. The other offense, according to Defendant, is "benefitting from participating in a venture that engaged in sex trafficking" under subparagraph (a)(2), which Defendant describes as "occur[ring] when a person benefits, financially or by receiving anything of value, from participation . . . in a venture which has engaged in a sex-trafficking act, does so with the requisite *mens rea*, and does so in or affecting interstate commerce." *Id.* (internal quotation marks omitted).

Defendant's argument is against the overwhelming weight of federal authority. Both a panel of the Second Circuit, and the Eighth Circuit, have concluded that subparagraphs (a)(1) and (a)(2) of Section 1591 do not set forth two distinct offenses, but rather merely state alternative means of committing the same offense. *See United States v. Corley*, 679 F. App'x 1, 5 (2d Cir. 2017) (concluding that "(a)(1) and (2) establish alternative means of committing the

5

offense," and that "the district court correctly informed the jury that it need not be unanimous as to which theory [subparagraph (a)(1) or subparagraph (a)(2)] proved the element, but only in finding that the Government proved the element [paragraph (a)] beyond a reasonable doubt."); *United States v. Paul*, 885 F.3d 1099, 1104-05 (8th Cir. 2018) (holding that subparagraphs (a)(1) and (a)(2) "are in fact alternative ways of committing a single offense, such that a "defendant violates [Section 1591(a)] if he knowingly 'recruits, entices [etc.],' or 'benefits . . . from participation'" (quoting 18 U.S.C. § 1591(a)) (alterations in original)). As the Second Circuit explained in *Corley*, "[t]he *plain reading* of [Section 1591(a)] suggests that the first element of the offense—the trafficking act—can be satisfied by the conduct listed in either subpart (1) or subpart (2)," such that a defendant "could be convicted under § 1591(a) if, for example, he either (1) harbored, or (2) participated in a venture that harbored, minor victims." 679 F. App'x at 5 (emphasis added).

With the exception of the single case that Defendant cites—*United States v. Lewis*, No. 19-CR-00307, 2021 WL 2809819, at *5-*7 (D.D.C. July 6, 2021), in which the District Court for the District of Columbia held that subparagraphs (1) and (2) of Section 1591(a) set forth two distinct offenses, and that a single count alleging a violation of Section 1591(a) was therefore duplicitous—it appears that the other district courts that have addressed the issue have agreed with the Second and Eighth Circuits. *See United States v. Raniere*, 384 F. Supp. 3d 282, 321 (E.D.N.Y. 2019) ("The court agrees with the Government that subparagraphs (1) and (2) of § 1591(a) provide two different ways to violate the statute, not two different offenses, and that it is therefore proper that they are alleged in the same act or count." (internal quotation marks omitted)); *Nyuon v. United States*, No. 16-CV-04010, 2017 WL 1507450, at *7 (D.S.D. Apr. 27, 2017) ("Sex trafficking of a child under 18 U.S.C. § 1591 merely enumerates more than one way

of committing the offense, which does not raise duplicity concerns[.]"); *United States v. King*, 713 F. Supp. 2d 1207, 1218 (D. Haw. 2010) ("Congress did not intend the subsections 1591(a)(1) and (a)(2) to create two separate offenses such that a defendant could be penalized multiple times for the same conduct but instead intended to provide two alternate means of committing the same offense."); *see also Iroegbulem v. United States*, No. 18-CV-08422, 2020 WL 1974380, at *6 n.6 (N.D. Ill. Apr. 24, 2020) (collecting cases). This Court agrees.

In view of the foregoing, the Court concludes that a "plain reading" of subparagraphs (a)(1) and (a)(2) of Section 1591(a) reveals that the legislature's intent is for subparagraphs (a)(1) and (a)(2) to set forth alternative means of committing a single offense, rather than—as Defendant maintains—elements of two separate offenses. Accordingly, the Court finds that Count Three is not duplicitous, and rejects Defendant's argument to the contrary.

### B. Count Four: Transportation with Intent to Engage in Criminal Sexual Activity

Defendant argues that Count Four of the Superseding Indictment, charging Defendant with Transportation with Intent to Engage in Criminal Sexual Activity is facially insufficient. (Dkt. No. 295 at 7-9). An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)). Under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, a defendant can move to dismiss an indictment for "failure to state an offense." Fed. R. Crim P.

12(b)(3)(B)(v). An indictment that "fails to charge an essential element of the crime" fails to state an offense. *Stock*, 728 F.3d at 292.

Count Four of the Superseding Indictment charges Defendant with a violation of Sections 2423(a) and (e) of Title 18 of the United States Code. (Dkt. No. 117 at 2). Those sections provide:

> (a) TRANSPORTATION WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY.—
> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.
> …
> (e) ATTEMPT AND CONSPIRACY.—
> Whoever attempts or conspires to violate subsection (a), (b), (c), or (d) shall be punishable in the same manner as a completed violation of that subsection.

18 U.S.C. § 2423(a), (e) ("Section 2423"). Count Four also charges Defendant with a violation of Section 2 of Title 18 of the United States Code. (Dkt. No. 117 at 2). That section provides that:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.C.C. § 2 ("Section 2").

Defendant argues that Count Four "fails to charge an essential element of the crime" in alleging that Defendant "knowingly transported and caused to be transported, a female minor." (Dkt. No. 295 at 7; Dkt. No. 117 at 3). As Defendant correctly observes, Section 2423 criminalizes only "knowingly" transporting a minor, not knowingly *causing* a minor to be transported, 18 U.C.C. § 2423(a). Moreover, while Section 2—unlike Section 2423—

8

criminalizes "caus[ing] an act to be done," 18 U.C.C. § 2(b), the scienter requirement for Section 2 is "willfully," which is a higher standard than "knowingly." *Compare* Third Circuit Model Criminal Jury Instructions § 5.02 (providing that "knowingly" requires the government to prove beyond a reasonable doubt that a defendant act[ed] voluntarily and intentionally" and "was conscious and aware of the nature of [his] actions") *with* Third Circuit Model Criminal Jury Instructions § 5.05 (providing that "willfully" requires the government to prove beyond a reasonable doubt that a defendant "knew that [his or her] conduct was unlawful and intended to do something that the law forbids"); *see also United States v. Starnes*, 583 F.3d 196, 210-11 (3d Cir. 2009) (explaining that the government must show that a defendant knew his actions were unlawful to show that the defendant acted willfully, but that the government need not do so to show the defendant acted knowingly). Accordingly, Defendant argues that Count Four is facially insufficient because it misstates the requisite *mens rea* in alleging that Defendant "knowingly . . . caused [a female minor] to be transported," instead of alleging that Defendant did so willfully. (Dkt. No. 295 at 8).

      The Court rejects Defendant's argument. "[F]ederal courts have long held that a jury may be instructed concerning aiding and abetting even if the indictment does not explicitly charge aiding and abetting under 18 U.S.C. § 2." *United States v. Ibrocevic*, 142 F. App'x 17, 18 (3d Cir. 2005). As such, the Government is not required to charge that Defendant "caused [a female minor] to be transported" in Count Four at all. *Id.* Moreover, the relevant language in Count Four is conjunctive, not disjunctive, alleging that Defendant "knowingly transported *and caused to be transported*, a female minor[.]" (Dkt. No. 117 at 3 (emphasis added)). If this language was disjunctive—such that the Grand Jury could conceivably have returned the Superseding Indictment without finding that Defendant "knowingly transported . . . a female minor"—

9

Defendant's argument would be stronger.[3] However, given that the relevant language is conjunctive, the Government is correct to note that the "causal clause" in Count Four, in effect, does no more than charge "an *additional*, unnecessary fact." (Dkt. No. 298 at 8 (emphasis in original)). In other words, even if the causal clause was not mere surplusage, *see Ibrocevic*, 142 F. App'x at 18, the inclusion of the clause, at worst, *narrows* the offense, ostensibly requiring the Grand Jury to conclude that Defendant *both* "knowingly transported" and "knowingly . . . caused to be transported" a "female minor." The essential element for purposes of Section 2423—that Defendant "knowingly transported . . . a female minor"—therefore remains intact.

In view of the foregoing, the Court concludes that Count Four does not improperly omit an "essential element of the crime" by failing to qualify the causal clause with "willfully." Accordingly, the Court finds that Count Four is not facially insufficient, and rejects Defendant's argument to the contrary.

### III.   CONCLUSION

For the reasons discussed, it is hereby

**ORDERED** that Defendant's "Motion to Dismiss Counts Three and Four of the Superseding Indictment" (Dkt. No. 295) is **DENIED**.

Date: April 27, 2023

_____/s/_____
WILMA A. LEWIS
District Judge

---

[3] The Court does not reach the question of whether Count Four would fail to state an offense if the relevant language was disjunctive.