DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2019-0001 |
| ) | |
| JAMES PHILLIP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Everard E. Potter, Esq.,**
St. Thomas, U.S.V.I.
   *For the United States*

**Kia Danielle Sears, Esq.,**
St. Thomas, U.S.V.I.
   *For Defendant James Phillip*

## AMENDED MEMORANDUM OPINION AND ORDER [1]

**Lewis, District Judge**

THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report and Recommendation ("R&R") (Dkt. No. 349), in which the Magistrate Judge recommends that Defendant James Phillip ("Defendant") be declared incompetent to proceed to sentencing in this matter and be committed to the Attorney General's custody "for treatment in a suitable facility for no more than four months to determine whether he may attain the capacity for proceedings to go forward." (*Id*. at 1-2). For the following reasons, the Court will adopt the findings and recommendations in the R&R.

### I.    BACKGROUND

---

[1] This order is being amended to (a) correct the citation to 18 U.S.C. § 4241 at page 7 and (b) instruct the United States and Defendant as to the process of ensuring the proper transfer of Defendant to a suitable facility.

Defendant and his co-defendant Zayvon Acoy were indicted, and based on a superseding indictment, Defendant was charged with one count of Sex Trafficking pursuant to 18 U.S.C. § 1591(a)(2), and one count of Transportation with Intent to Engage in Criminal Sexual Activity under 18 U.S.C. § 2423(a). (Dkt. No. 117 at 2-3). Defendant went to trial and was convicted on both counts in May 2023. (Dkt. No. 314). He is now awaiting sentencing.

In the meanwhile, Defendant's counsel filed an *ex parte* motion requesting that Defendant be evaluated by a psychologist—which Magistrate Judge Henderson granted. (Dkt. Nos. 325, 326). Defendant was then seen by Dr. Michele Quiroga, who met with him in September 2023. (Dkt. No. 332 at 1). Dr. Quiroga determined that Defendant had "functional brain impairment [that] poses substantial challenges, rendering him unable to distinguish between greater or lesser legal charges, assist in his defense, or comprehend information provided by legal counsel." *Id.* at 13. Further, Dr. Quiroga advised that "[i]t t is crucial to emphasize that, considering his current functional brain capacities, compounded by a dementia syndrome, Mr. Phillip is deemed incompetent to proceed." *Id.* at 13. She also found that Mr. Phillip did "not meet the criteria for involuntary hospitalization," and it was "not foreseeable that he will be restored to competency due to his permanent cognitive deficits." *Id.* Defendant was determined to be "a low-functioning individual with cognitive deficits rooted in both biological and neurological factors," with a "Full-Scale IQ of 64," putting him in the 1st percentile. *Id.* at 11-12.[2]

Magistrate Judge Henderson conducted a hearing to determine Defendant's competency on January 24, 2024, during which the United States did not concede that Defendant was incompetent. (Dkt. No. 334 at 1-2). Instead, the United States made an oral motion for an independent evaluation, which Magistrate Judge Henderson granted. (*Id.*). An additional forensic

---

[1] Dr. Quiroga's findings are discussed in greater detail in the R&R. (Dkt. No. 349 at 5-6).

2

evaluation was then performed by the United States' chosen neuropsychologist. (Dkt. No. 338 at 1). The R&R reports that this additional evaluation resulted in a finding that Defendant was "not competent to proceed and viewed the prognosis for restoration as poor, given the permanent and degenerative nature of his cognitive impairments." (Dkt. No. 349 at 5).

A second competency hearing was held on August 26, 2024, during which the United States did not contest the Defendant's expert. *Id.* at 5-6. Defendant's expert, Dr. Quiroga, testified regarding the report she wrote, explaining that Defendant possessed significant learning disabilities, a low IQ, a major neurocognitive disorder, early onset dementia, and that his attention, concentration, and ability to understand were severely impaired as his brain disease had progressed with age. *Id.* at 6. As such, he was unable to understand the nature of the proceedings against him and could not assist counsel in his defense. *Id.* at 6. Additionally, it was her opinion that the condition was irreversible, permanent, and progressive, and that based on the totality of the evidence, Philip could not be restored to competence. *Id.* The United States' expert concurred, advising that Defendant was not competent to proceed with sentencing. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

### A. Standard for Review

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); LRCi 72.3. When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (similar).

Where the parties do not object to a magistrate judge's report and recommendation, there is

no requirement that a district court review the report and recommendation before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *Sunshine Shopping Ctr., Inc. v. LG Elecs. Panama*, Civ. A. No. 15-0041, 2023 WL 6388015, at *3 (D.V.I. Sept. 30, 2023) (citing *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011)). Despite the Supreme Court's decision in *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice [is] to afford some level of review to dispositive legal issues raised by the report." *Broomall v. DA of the Cnty. of Delaware*, No. 2:22-cv-1943, 2024 WL 1163542, at *1 n.1 (E.D. Pa. Mar. 18, 2024) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x at 153 (3d Cir. 2011) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." (internal quotation omitted) (citation omitted)).

"Accordingly, a district judge reviews those parts of the magistrate judge's report and recommendation to which parties have not objected under the 'plain error' standard of review." *Sunshine Shopping Ctr., Inc.,* 2023 WL 6388015, at *3 (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017)); *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that "plain error" means clear or obvious, and it must be prejudicial, in that "[i]t must have affected the outcome of the district court proceedings"). Here no objections were submitted regarding Magistrate Judge Henderson's R&R, and as such, plain error review is applicable.

## B. Competency for Sentencing

The United States Congress passed a statute that requires defendants to have a competency hearing "at any time . . . prior to the sentencing of the defendant . . . if there is reasonable cause to

believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The criminal justice system is founded on the notion that "a person whose mental condition is such that [the person] lacks the capacity to understand the nature and the object of the proceedings[,] . . . to consult with counsel, and to assist in preparing [a] defense may not be subjected to a trial." *United States v. Leggett*, 162 F.3d 237, 241 (3d Cir. 1998) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)) (internal quotes omitted). This concept applies equally for sentencings. *See United States v. Jones*, 336 F.3d 245, 257 (3rd Cir. 2003) (advising that for sentencing the issue that the district court was obligated to determine was "whether there was 'reasonable cause to believe that the defendant may be . . . incompetent.'" (quoting 18 U.S.C. § 4241(a)).

To evaluate a defendant's competency, district courts are required to consider certain factors that include "evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial, and any prior medical opinion on competence to stand trial." *Leggett*, 162 F.3d at 242. A Court may also consider "an attorney's representation about his client's competency." *United States v. Renfroe*, 825 F.2d 763, 767 (3d Cir. 1987). At bottom, as per the statute, when "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." (Dkt. No. 349 at 9) (quoting 18 U.S.C. § 4247(d)).

Indeed, there is a three step process created through 18 U.S.C. § 4241 in the competency assessment: "(1) the district court initially determines whether a defendant is competent to stand trial [or be sentenced]; (2) if found incompetent, the district court commits the defendant to the

5

Attorney General's custody for hospitalization to determine if there is a substantial probability within the foreseeable future the defendant will be competent to stand trial [or be sentenced]; (3) if there is no substantial probability of competence to stand trial [or be sentenced] within the foreseeable future, the Attorney General must find the defendant dangerous or release him back into society." *United States v. Reese*, Crim. A. No. 18-39, 2018 U.S. Dist. LEXIS 172702, at *18 (E.D. Pa. Oct. 5, 2018).

### III. DISCUSSION

After reviewing Dr. Quiroga's report, as well as the R&R's finding that Defendant suffers from "a severe functional brain impairment and generalized structural brain damage (neurodevelopmental and longstanding), compounded by a current progressive neurocognitive disorder such as Alzheimer's Disease or another form of dementia," the Court concludes that there is no plain error in the Magistrate Judge's recommendation that Defendant should be found mentally incompetent. (Dkt. No. 349 at 11-12). Magistrate Judge Henderson determined that Defendant's "aforementioned deficits impair his functioning so severely that he has no understanding of this judicial process." *Id.* at 12. Based on the findings in the R&R and Dr. Quiroga's report, the Court finds that Defendant is not competent to be sentenced and orders that Defendant be placed into the Attorney General's custody for placement in a hospital for not more than four months for a determination as to whether there is a substantial probability in the foreseeable future that Defendant will be competent to be sentenced. 18 U.S.C. § 4241(d).

### IV. CONCLUSION

For the aforementioned reasons, the Court: (a) finds that Defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in

6

his defense" 18 U.S.C. § 4241(d) and (b) commits Defendant to the Attorney General's custody for hospitalization for not greater than four months, for a determination as to whether Defendant is able to regain capacity.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Magistrate Judge Emile A. Henderson III's Report and Recommendation (Dkt. No. 349) is **ADOPTED**; and it is further

**ORDERED** that Defendant James Phillip is determined to be mentally incompetent to the extent that he is presently unable to be sentenced in this proceeding; and it is further

**ORDERED** that Defendant Phillip is committed to the custody of the Attorney General for not greater than four months for a determination as to whether Defendant can regain mental capacity; and it is further

**ORDERED** that the United States shall have to and including **January 13, 2025** to file on the record notice that Defendant Phillip has been transported to a suitable facility for treatment pursuant to this Order; and it is further

**ORDERED** that Defendant Phillip shall have up to and including **April 28, 2025**, to file a motion indicating whether Defendant is competent to participate in his sentencing at that time; and it is further

**ORDERED** that the United States shall have up to and including **May 12, 2025**, to file any response to Defendant Phillip's motion regarding his competence; and it is further

**ORDERED** that Defendant Phillip's "Unopposed Motion for Ruling on Report & Recommendation" (Dkt. No. 351) is **DENIED AS MOOT**.

Dated: January 2, 2025                                  _____/s/_____
                                                         WILMA A. LEWIS
                                                         District Judge