**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 1:19-1-2** |
| | **:** | |
| **JAMES PHILLIP** | **:** | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                       **March 31, 2026**

Judge Lewis earlier last month found a convicted sex offender not competent, and will never be competent, to proceed with a sentencing hearing after the jury convicted him in May 2023. Judge Lewis studied medical records confirming she could not sentence him given his competency today. Judge Lewis released him from custody with several conditions including requiring the man register under the Sex Offender Registration and Notification Act. The convicted man, through counsel, now moves to modify the conditions of his release to remove the registration requirement, given he will never be competent for sentencing, based on counsel's understanding of Congress's language in the Act. The man's counsel and the United States offer significant arguments as to the application of the registration requirement for a person convicted of a sex offense.

We join with our colleagues in finding Congress's language, including the registration requirement, supports a plain reading of "was convicted," and the man remains a "sex offender" following the jury's conviction of a sex offense defined by Congress in the Act. We deny the man's motion to modify the conditions of release requiring he must continue to honor his obligations under the Act.

## I. Facts

Our Grand Jury indicted James Phillip for sex trafficking of a minor and transportation with intent to engage in criminal sexual activity in October 2020.[1] A jury convicted Mr. Phillip on both charges on May 2, 2023 after a three-day trial.[2] No party challenged Mr. Phillip's competence to proceed to trial.

But then Mr. Phillip's counsel moved for a psychological evaluation based on a concern about his competency four months after the jury convicted him. Mr. Phillip's counsel and the United States each retained psychology experts to evaluate Mr. Phillip. Both experts reached the same opinion, concluding Mr. Phillip suffers from permanent cognitive impairment rendering him incompetent to proceed to sentencing. Judge Henderson held two competency hearings and recommended Mr. Phillip be declared incompetent and evaluated at a Federal Bureau of Prisons facility to determine if Mr. Phillip could attain competency.[3] A forensic unit psychologist concluded Mr. Phillip is incompetent to proceed with no substantial probability he will attain competency in the foreseeable future.[4]

Judge Lewis held a final competency hearing on February 5, 2026. She concluded Mr. Phillip is incompetent to proceed to sentencing and there is no substantial probability he will be restored to competency.[5] Judge Lewis ordered Mr. Phillip be released from custody and imposed conditions of release including registration as a sex offender under the Sex Offender Registration and Notification Act (SORNA).[6] Judge Lewis concluded the plain language of SORNA required Mr. Phillip to register as a sex offender because of his conviction on a sex offense but allowed the parties to brief the issue.[7] Judge Lewis retired from the Court with distinction on February 16, 2026.

Mr. Phillip's counsel and the United States submitted briefing in response to Judge Lewis's February 5, 2026 Order.[8] After reassignment of this case to our calendar, we held a telephone status conference and ordered Mr. Phillip be released from custody subject to the terms of Judge Lewis's February 16, 2026 Order including registration obligations under SORNA but allowed counsel to move to modify the SORNA conditions of release.[9]

## II.    Analysis

Mr. Phillip's counsel moved to modify the condition of his release requiring him to register as a sex offender under SORNA, incorporating his earlier briefing.[10] The United States opposed the motion to modify, incorporating its briefing submitted to Judge Lewis in February.[11] We studied the parties' briefing and the relevant authority and conclude, based on the prevailing view in federal courts addressing SORNA's registration requirement, Mr. Phillip must register as a "sex offender" having been "convicted" of a sex offense under the plain language of SORNA.

Congress requires a "sex offender" to register, and keep the registration current, in each jurisdiction where the "offender" resides, is employed, and is a student.[12] The Act defines the term "sex offender" as "an individual who was convicted of a sex offense."[13] The word "convicted" is not defined in the Act.

Mr. Phillip argues the definition of "sex offender" as having been "convicted of a sex offense" means one who has been *sentenced* for the offense and any interpretation otherwise by the courts improperly expands the Act.[14] The United States responds conviction means an individual, like Mr. Phillip, who has been convicted of a sex crime.[15]

### A. The history of SORNA and the registration requirement supports a plain reading of the word "conviction."

Congress passed the Adam Walsh Child Protection and Safety Act almost twenty years ago to "protect children from sexual exploitation and violent crime, to prevent child abuse and child

pornography, to promote Internet safety, and to honor the memory of Adam Walsh and other child crime victims."[16] SORNA is part of the Adam Walsh Child Protection and Safety Act of 2006.[17] To effectuate Congress's intent, the Act requires "sex offenders" to register in the appropriate jurisdiction.[18]

Congress directed the United States Attorney General "issue guidelines and regulations to interpret and implement" the Act and vested the Attorney General with "the authority to specify the applicability of the requirements of [the Act] to sex offenders convicted before the enactment of this Act or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with" the registration requirements.[19]

The Department of Justice issued final guidelines for the implementation of SORNA in 2008.[20] The final guidelines provided instruction on the interpretation of "convictions," including:

- SORNA's registration requirements "are not waived by nominal or terminological variations in the designations that jurisdictions use in referring to the dispositions of criminal cases … and [for example], SORNA's requirements remain applicable if a jurisdiction has a procedure under which certain sex offense convictions (e.g., those of young adult sex offenders who satisfy certain criteria) are referred to as something other than 'convictions,' or are nominally 'vacated' or 'set aside,' but the sex offender remains subject to penal consequences based on the conviction."[21] The Justice Department rejected this interpretation as "inconsistent with SORNA's purpose to establish 'a comprehensive national system for the registration of [sex] offenders' [and] SORNA's requirements apply to anyone who 'was convicted of a sex offense.'"[22]

- The meaning of "convicted" for purposes of SORNA "is a matter of federal law, and its applicability is not determined by the terminology a jurisdiction uses in referring to the disposition of a criminal case," including "even certain juvenile delinquents are deemed to be 'convicted' and hence required to register under SORNA's standards" under certain conditions.[23]

- SORNA's registration requirements (initial and continuing registration obligations) "are predicated on convictions" and are "normally not required under the SORNA standards if the predicate conviction is reversed, vacated, or set aside, or if the person is pardoned for the offense on the ground of innocence" but "an adult sex offender is 'convicted' for

SORNA purposes if the sex offender remains subject to penal consequences based on the conviction, however it may be styled."[24]

We are also guided by the Justice Department's July 2025 overview of SORNA's registration requirements along with a summary of cases applying the registration requirements. The Justice Department construes SORNA as a "conviction-based structure for sex offenders' registration" which, for purposes of the Act, "may arise from the finding of guilt, but it also covers other findings such as withheld adjudications or deferred judgments, pleas of nolo contendere, convictions that have been vacated, and certain convictions of juveniles."[25]

1. **We are guided by colleagues interpreting the Act's registration requirements within Congress's intent to establish an overall statutory scheme implementing a comprehensive national system for the registration of sex offenders convicted of sex offenses against children.**

Our colleagues interpreting SORNA's registration requirements construe its registration language in the context of the Act's "overall statutory scheme."[26] The Supreme Court seven years ago in *Gundy* considered whether Congress's delegation of registration obligations to the Attorney General for pre-Act offenders violated the nondelegation clause. The Court held the Act did not violate the Constitution's nondelegation clause. In reaching its holding, the Court examined Congress's purpose in enacting SORNA: the intent to establish an "all-encompassing or sweeping" "comprehensive national system for the registration" of "sex offenders and offenders against children;" the tense used in the definition of "sex offender" as an "individual who *was* convicted of a sex offense" demonstrating Congress's intent—by using the past tense "was"—to define "sex offender" as not "merely forward-looking" or Congress would have used the tense "is;" and Congress's intent to "desig[n] SORNA to address 'loopholes and deficiencies' in existing registration laws" with over 100,000 sex offenders "missing" because of non-compliance with the then-current registration requirements.[27] We read *Gundy*—applying SORNA to those convicted

5

before its enactment—as recognizing Congressional intent in creating a comprehensive registration system. While *Gundy* did not analyze the word "convicted," it supports our conclusion Congress intended the Act's registration requirements to apply in a manner intended to protect children from sex offenders.

The United States Court of Appeals for the Fourth Circuit rejected an argument a plea of nolo contendere without adjudication did not constitute a "conviction" for purposes of SORNA registration requirements in *United States v. Bridges*.[28] The United States charged Mr. Bridges with failing to update his sex offender registration. Mr. Bridges moved to dismiss the indictment, arguing his plea of nolo contendere to attempted sexual battery of a child in a Florida state court, where the adjudication of guilt was withheld, did not qualify as a "conviction" under SORNA.[29] Judge Jones denied the motion to dismiss the indictment and Mr. Bridges appealed.

The court of appeals affirmed Judge Jones and held a plea of nolo contendere with "adjudication withheld" constitutes a conviction under SORNA because it resulted in a penal consequence.[30] The court of appeals reviewed the legislative history of SORNA, including Congress's concern to establish a "comprehensive national system for the registration" of sex offenders and the Attorney General's guidelines construing "conviction" of an adult sex offender "for SORNA purposes if the sex offender *remains subject to penal consequences based on the conviction*" … "so long as 'the sex offender is … required to serve what amounts to a criminal sentence for the offense'…."[31]

### 2. Our colleagues also interpret "convicted" by its plain meaning.

Mr. Phillip argues he is not a "sex offender" because he has not been "convicted as he has not been subjected to penal consequences" under Virgin Islands law and SORNA does not define "conviction."[32] We disagree.

6

Virgin Islands law does not apply to the definition of "convicted" as used in the Act. As analyzed, Congress granted the Attorney General authority to promulgate guidelines for the implementation of SORNA. The Attorney General's SMART Guidelines confirms a "conviction" is not dependent on the states' interpretation of a convicted sex offender. The court of appeals in *Bridges* confirmed the application of the Attorney General's guidelines; we do not turn to Virgin Islands law to inform the interpretation of "sex offender" and "convicted." More recently, the United States Court of Appeals for the Sixth Circuit rejected an argument SORNA's registration requirement did not apply where the defendant did not have an obligation to register under state law, holding federal SORNA obligations "are independent of state-law sex offender duties."[33] We are not persuaded by Mr. Phillip's argument based on application of Virgin Islands law.

We conclude the word "convicted" as used to define "sex offender" in SORNA does not carry with it a requirement Mr. Phillip be "sentenced" to meet the definition of a "convicted" sex offender. Our analysis is informed by decisions from the United States Court of Appeals for the First Circuit and other colleagues.

We start with the interpretation of the word "convicted" by the United States Court of Appeals for the Fifth Circuit in *United States v. Roberson*.[34] Mr. Roberson challenged his conviction for failure to register as a sex offender under SORNA. At the time of his indictment, Mr. Roberson had pleaded guilty to a sex crime of a child in Massachusetts state court and the state court sentenced him to three years' probation. Mr. Roberson moved to withdraw his guilty plea to the state court sex crime arguing he entered his plea after a constitutionally defective procedure in state court. The local prosecutor did not oppose the motion, agreeing there had been an inadequate plea colloquy. Mr. Roberson then moved to dismiss the federal failure-to-register

charges under SORNA arguing he no longer had a predicate sex offense to support a SORNA violation, specifically arguing he was never "validly" convicted.[35]

The court of appeals rejected Mr. Roberson's challenge, holding SORNA's registration requirement applied to him as a person "convicted" of a sex offense "regardless of whether that conviction is later vacated, when federal charges have been brought for conduct before the vacation of conviction."[36] The court of appeals reasoned Congress's use of the word "'convicted' refers to the historical fact of the conviction."[37] The court found Congress's language in the Act "plain;" the term "was convicted" means "the fact of conviction and does not refer just to a 'valid' conviction," rejecting Mr. Roberson's argument the court should not give the words "was convicted" their "normal meaning" and instead impose the modifier "valid" on conviction.[38] The court reasoned Congress made exceptions to SORNA's coverage, for example excluding a "foreign conviction … not obtained with sufficient safeguards for fundamental fairness and due process for the accused" and "offenses involving consensual sexual conduct … if the victim was an adult … or the victim was at least 13 years old and the offender was not more than 4 years older than the victim" from the definition of "sex offense."[39] The court reasoned "Congress knew how to create [exceptions] when it wished to do so," and Congress did not except from the definition of "sex offense" a later vacated conviction even when vacated on constitutional grounds.[40] The court rejected Mr. Roberson's "loophole" argument.

Our analysis is also informed by Judge Frizzell's analysis in *United States v. Still* reviewing how SORNA may apply after Mr. Still pleaded guilty to rape under Oklahoma law.[41] The state court accepted his guilty plea and entered judgment.[42] Mr. Still did not register under SORNA.[43] A federal grand jury indicted Mr. Still for failing to register.[44] Two months later, the state court vacated Mr. Still's rape conviction finding it lacked jurisdiction because of his membership in the

federally-recognized Cherokee Nation Indian tribe.[45] Mr. Still then moved to dismiss the federal indictment based on the vacatur of his conviction.[46] The United States opposed the motion arguing Mr. Still is a convicted sex offender with a duty to register under SORNA during the time before vacation of his sentence.[47]

Judge Frizzell denied Mr. Still's motion to dismiss the indictment because "he was still a 'sex offender' for purposes of SORNA" from the date of his conviction to the date the state court vacated his conviction for lack of jurisdiction.[48] Relying on the court of appeals decision in *Roberson*, Judge Frizzell reasoned Congress's plain language in SORNA "imposes a registration requirement unambiguously on 'an individual who *was convicted* of a sex offense'" without modifying words and nothing suggests Congress intended to restrict the scope of the term "was convicted."[49] Judge Frizzell concluded the statutory language used by Congress "is sweeping, and its plain meaning is that the fact of a sex offense conviction subjects an individual to SORNA's registration requirements until the conviction is vacated."[50]

We conclude Mr. Phillip's argument he is not a "sex offender" as defined by SORNA because Judge Lewis never sentenced him on a finding of incompetence to proceed to sentencing is without merit. Congress did not modify the definition of "sex offender" by making a conviction predicated on sentencing. Nor did Congress exempt from the definition of "sex offense" those who were convicted but not sentenced for whatever reason where Congress could have, and in fact did, except from the definition of "sex offense" certain conditions.

### B. Mr. Phillip is a "sex offender" by virtue of his conviction of a "sex offense" defined by Congress in SORNA.

We recognize Mr. Still pleaded guilty to state sex offenses and the state court entered judgment, making him different than Mr. Phillip. But the fact remains the plain language of SORNA uses the word "was convicted" without modifier.

The weight of authority, including the Attorney General's SMART Guidelines, makes "an adult sex offender … 'convicted' for SORNA purposes if the sex offender remains subject to penal consequences based on the conviction."[51] There is no dispute a jury convicted Mr. Phillip of sex offenses. And there is no dispute Judge Lewis's February 16, 2026 Order finding Mr. Phillip incompetent to proceed to sentencing imposed conditions of release, including his submission to the supervision of the United States Probation Office, the surrender of any passport, restriction on traveling off St. Croix without an order, prohibition on possessing a firearm, and abiding by a curfew.[52] Mr. Phillip will "remain subject to penal consequences based on the conviction" and is required to register under SORNA.

## III. Conclusion

We deny Mr. Phillip's Motion to modify the conditions of his release requiring him to register under SORNA.

---

[1] The United States first filed a criminal complaint against Mr. Phillip on November 19, 2018 charging him with sex trafficking of children by force, fraud or coercion in violation of 18 U.S.C. § 1591. ECF 1. Our Grand Jury indicted Mr. Phillip on a superseding indictment on October 13, 2020, charging him with sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a), (2) and transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). ECF 117.

[2] ECF 314.

[3] ECF 349.

[4] A fulsome description of each expert's opinion, the procedural history, and Judge Henderson's report and recommendation after holding two competency hearings may be found in Judge Lewis's February 16, 2026 Memorandum. ECF 389.

[5] ECF 389.

[6] ECF 388.

[7] ECF 389.

[8] ECFs 392, 393.

[9] ECF 402.

[10] ECF 403.

[11] ECF 406.

[12] 34 U.S.C. § 20913.

[13] *Id.* § 20911(1).

[14] ECF 403.

[15] ECF 406 (incorporating argument at ECF 396).

[16] Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, 42 U.S.C. § 16901 *et seq* (2006)*.*

[17] Codified as amended at 34 U.S.C. §§ 20901–20991. Since the Act's passage in 2006, Congress added to SORNA's protections including the Keeping the Internet Devoid of Predators Act of 2008, Pub. L. No. 110-400, 122 Stat. 4224; the Military Sex Offender Reporting Act of 2015, Pub. L. No. 114-22, 129 Stat. 258; and International Megan's Law to Prevent Child Exploitation and Other Sexual Crimes Through Advanced Notification of Traveling Sex Offenders, Pub. L. No. 114-119, 130 Stat. 15 (2016). Consistent with Congress's mandate, the Department of Justice issued three sets of guidelines and two rules to assist with the interpretation and implementation of SORNA. *See* U.S. Department of Justice, Sex Offender Registration and Notification in the United States, Case Law Summary July 2025 at 59 n.1, https://smart.ojp.gov/2025-Case-Law-Summary-508.pdf

[18] 34 U.S.C. § 20913 (formerly 42 U.S.C. § 16913).

[19] *Id.* §§ 20912(b), 20913(d) (formerly 42 U.S.C. §§ 16912(b), 16913(d)). Congress through the Act also established a national sex offender registry, maintained by the Attorney General at the Federal Bureau of Investigation and required the Attorney General "shall ensure" the registry is updated and "immediately transmitted by electronic forwarding to all relevant jurisdictions." *Id.* § 20921.

[20] 73 Fed. Reg. 38,030–01 (July 2, 2008) (referred to as the "SMART Guidelines").

[21] *Id.* at 38,039–40.

[22] *Id.* at 38,040 (citation to the Act omitted).

[23] *Id.*

11

[24] *Id.* at 38,050.

[25] U.S. Department of Justice, Sex Offender Registration and Notification in the United States, Case Law Summary July 2025 at 60–63 (footnotes omitted).

[26] *Gundy v. United States*, 588 U.S. 128, 141 (2019).

[27] *Id.* at 143–44 (emphasis added) (citations omitted).

[28] *United States v. Bridges*, 741 F.3d 464 (4th Cir. 2014).

[29] *Id.* at 466–67. A state court judge in Florida took the plea, entered a written judgment ordering "adjudication of guilt be withheld," and ordered Mr. Bridges to pay court costs and serve two years of probation. *Id.*

[30] *Id.* at 470.

[31] *Id.* at 468 (quoting 73 Fed. Reg. 38,050). The court noted its conclusion is supported by decisions from the United States Courts of Appeal for the Eleventh and Eighth Circuits holding a plea of nolo contendere with adjudication withheld constitutes a prior conviction. *Id.* at 469 (citing *United States v. Maupin*, 520 F.3d 1304, 1307 (11th Cir. 2008); *United States v. Storer*, 413 F.3d 918, 921–22 (8th Cir. 2005); *United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995)); *see also United States v. Grant*, No. 17-236, 2018 WL 4516008, at *10, *18–20 (N.D. Ga. July 4, 2018) *R. & R. adopted,* 2018 WL 4140870 (N.D. Ga. Aug. 30, 2018) (rejecting argument a guilty plea to child molestation charges under Georgia state law where an adjudication of guilt is withheld does not constitute a "conviction" for purposes of triggering SORNA's registration requirements).

[32] ECF 393 at 2.

[33] *Willman v. Att'y Gen. of the United States*, 972 F.3d 819, 823–24 (6th Cir. 2020).

[34] *United States v. Roberson*, 752 F.3d 517 (5th Cir. 2014).

[35] *Id.* at 519.

[36] *Id.*

[37] *Id.* at 522.

[38] *Id.* at 522–23.

[39] *Id.* at 523 (citing 42 U.S.C. § 16911(5)(B)–(C) recodified at 34 U.S.C. § 20911(5)(B)–(C)).

[40] *Id.*

[41] *United States v. Still,* No. 21-53, 2021 WL 1914217 (N.D. Okla. May 12, 2021).

[42] *Id.* at *1.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.* at *5.

[49] *Id.* at *2–3 (emphasis in original).

[50] *Id.* at *3.

[51] 73 Fed. Reg. 38,050.

[52] ECF 388.